# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT GREENEVILLE

|  |  |  |
|---|---|---|
| SCOTT ENOCHS and TAMMY WILLIAMS, on behalf of themselves and all others similarly situated, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 2:26-cv-00047-DCLC-CRW |
| DOMTAR PAPER COMPANY, LLC d/b/a KINGSPORT MILL, | ) ) ) | |
| Defendant. | ) ) | |

## DEFENDANT DOMTAR PAPER COMPANY, LLC'S ANSWER AND DEFENSES TO PLAINTIFFS' CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Defendant Domtar Paper Company, LLC ("Domtar"), by its undersigned attorneys, answers the Class Action Complaint and Demand for Jury Trial (Dkt. 1) filed by Plaintiffs Scott Enochs and Tammy Williams ("Plaintiffs") as set forth below.

## INTRODUCTION

Admitted in part and denied in part; admits that Plaintiffs have filed a putative class action against Domtar; admits that Plaintiffs seek the relief described in the introductory paragraph but denies that Plaintiffs are entitled to such relief; admits that Domtar operates a recycled paper and packaging mill in Kingsport, Tennessee; denies that it releases noxious odors that invade Plaintiffs' property, or the property of putative class members, or that it has caused any damage; denies that certification of the class proposed by Plaintiffs or any other class or subclass would be appropriate or justified as a matter of law or fact; denies that Plaintiffs have any basis for relief and denies any remaining allegations in the introductory paragraph.

## PARTIES

1. Domtar lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 1, and therefore denies the same.

2. Domtar lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 2, and therefore denies the same.

3. Admits the allegations in Paragraph 3.

4. Paragraph 4 states a legal conclusion to which no response is required. To the extent a response is required, Domtar states that its headquarters is in South Carolina, but that the plant operates in Tennessee.

5. Admits the allegations in Paragraph 5.

## JURISDICTION AND VENUE

6. Paragraph 6 states a legal conclusion to which no response is required. To the extent a response is required, Domtar avers that, upon information and belief, this Court has subject matter jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d).

7. Paragraph 7 states a legal conclusion to which no response is required. To the extent a response is required, Domtar admits this Court has personal jurisdiction over Defendant.

8. Paragraph 8 states a legal conclusion to which no response is required. To the extent a response is required, Domtar admits this Court has personal jurisdiction over Defendant.

9. Paragraph 9 states a legal conclusion to which no response is required. To the extent a response is required, Domtar admits that Venue is proper in this Court.

## GENERAL ALLEGATIONS

10. Admits the allegations in Paragraph 10.

11. Domtar admits that the allegations in Paragraph 11 reference language on a webpage on its website; Domtar further answers that Paragraph 11 contains an incomplete and inaccurate quote and characterization of the webpage, and denies any references to or characterization of the webpage inconsistent with its contents; except as expressly admitted and stated herein, Domtar denies the remaining allegations in Paragraph 11.

12. Domtar admits that the allegations in Paragraph 12 reference language on a webpage on its website; Domtar further answers that Paragraph 12 contains an incomplete and inaccurate quote and characterization of the webpage, and denies any references to or characterization of the webpage inconsistent with its contents; except as expressly admitted and stated herein, Domtar denies the remaining allegations in Paragraph 12.

13. Domtar admits that the allegations in Paragraph 13 reference language on a webpage on its website; Domtar further answers that Paragraph 13 contains an incomplete and inaccurate quote and characterization of the webpage, and denies any references to or characterization of the webpage inconsistent with its contents; except as expressly admitted and stated herein, Domtar denies the remaining allegations in Paragraph 13.

14. Denies the allegations in Paragraph 14.

15. Domtar admits that the allegations in Paragraph 15 reference language on a webpage on its website; Domtar further answers that Paragraph 15 contains an incomplete and inaccurate quote and characterization of the webpage, and denies any references to or characterization of the webpage inconsistent with its contents; except as expressly admitted and stated herein, Domtar denies the remaining allegations in Paragraph 15.

16. Domtar admits that the allegations in Paragraph 16 reference language on a webpage on its website; Domtar further answers that Paragraph 16 contains an incomplete and

inaccurate quote and characterization of the webpage, and denies any references to or characterization of the webpage inconsistent with its contents; except as expressly admitted and stated herein, Domtar denies the remaining allegations in Paragraph 16.

17. Admitted in part and denied in part; admits that the Facility was converted from a freesheet paper mill to a recycled containerboard mill and that the wastewater lagoon was drained for a time during this conversion; denies that the wastewater lagoon was completely drained or that the Facility was inoperable; denies the remaining allegations in Paragraph 17.

18. Denies the allegations in Paragraph 18.

19. Admitted in part and denied in part; admits that the Facility's wastewater treatment process may potentially produce some amount of hydrogen sulfide; denies that it emits noxious odors; denies the remaining allegations in Paragraph 19.

20. Domtar admits that the quoted statement references language on a webpage on its website; Domtar further answers that Paragraph 20 contains an incomplete and inaccurate quote and characterization of the webpage, and denies any references to or characterization of the webpage inconsistent with its contents; except as expressly admitted and stated herein, Domtar denies the remaining allegations in Paragraph 20.

21. Denies the allegations in Paragraph 21.

22. Domtar lacks sufficient knowledge and information to form a belief as to the truth of the allegations as stated in Paragraph 22, and therefore denies the same. Paragraph 22 further states a legal conclusion to which no response is required regarding "noxious" odors. To the extent a response is required; Domtar denies the allegations in Paragraph 22 as stated.

23. Denies the allegations in Paragraph 23.

24. Paragraph 24 states a legal conclusion to which no response is required. To the extent a response is required; Domtar denies the allegations in Paragraph 24 as stated.

25. Denies the allegations in Paragraph 25. Paragraph 25 further states a legal conclusion to which no response is required regarding "noxious" odors. To the extent a response is required; Domtar denies the allegations in Paragraph 25 as stated.

26. Paragraph 26 states a legal conclusion to which no response is required. To the extent a response is required; Domtar denies the allegations in Paragraph 26 as stated.

27. Paragraph 27 states a legal conclusion to which no response is required. To the extent a response is required; Domtar denies the allegations in Paragraph 27 as stated.

28. Paragraph 28 states a legal conclusion to which no response is required. To the extent a response is required; Domtar denies the allegations in Paragraph 28 as stated.

29. Paragraph 29 states a legal conclusion to which no response is required. To the extent a response is required; Domtar denies the allegations in Paragraph 29 as stated.

30. Denies the allegations in Paragraph 30 as stated; Domtar admits that certain residential properties are in proximity to the Facility, but denies that the Facility is "surrounded" by residential properties.

31. Domtar lacks sufficient knowledge and information to form a belief as to the truth of the allegations as stated in Paragraph 31 and denies the allegations as stated.

32. Denies the allegations in Paragraph 32.

33. Domtar admits that it has received communications from alleged local residents regarding odors in the area, yet Domtar also lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 33 as stated and therefore denies the same.

34. Domtar lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 34, and therefore denies the same.

35. Domtar lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 35, including statements allegedly made to Plaintiffs' counsel, and therefore denies the same.

36. Domtar admits that it has received the certain notices and/or Technical Secretary's Orders and Assessment of Civil Penalty as admitted below. Domtar further answers that Paragraph 36 contains an incomplete and potentially inaccurate description and characterization of those notices and/or penalties and refers to the notices and/or penalties for their full language and terms, and denies any characterization of the notices and/or penalties inconsistent with their contents; except as expressly admitted and stated herein, Domtar denies the remaining allegations in Paragraph 36.

37. Domtar admits that it received an NOV from TDEC on May 5, 2023; Domtar further answers that Paragraph 37 contains an incomplete and potentially inaccurate description and characterization of the NOV and refers to the NOV for its full language and terms, and denies any characterization of the documents inconsistent with its contents; except as expressly admitted and stated herein, Domtar denies the remaining allegations in Paragraph 37.

38. Domtar admits that it received a Technical Secretary's Order and Assessment of Civil Penalty from TDEC on April 9, 2024; Domtar further answers that Paragraph 38 contains an incomplete and potentially inaccurate description and characterization of the Technical Secretary's Order and Assessment of Civil Penalty and refers to the document for its full language and terms, and denies any characterization of the document inconsistent with its contents; except as expressly admitted and stated herein, Domtar denies the remaining allegations in Paragraph 38.

39. Domtar admits that it received an NOV from TDEC on October 17, 2024; Domtar further answers that Paragraph 39 contains an incomplete and potentially inaccurate description and characterization of the NOV and refers to the NOV for its full language and terms, and denies any characterization of the document inconsistent with its contents; except as expressly admitted and stated herein, Domtar denies the remaining allegations in Paragraph 39.

40. Domtar lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 40, and therefore denies the same.

41. Domtar admits that it received a Technical Secretary's Order and Assessment of Civil Penalty from TDEC on March 6, 2025; Domtar further answers that Paragraph 41 contains an incomplete and potentially inaccurate description and characterization of the Technical Secretary's Order and Assessment of Civil Penalty and refers to the document for its full language and terms, and denies any characterization of the document inconsistent with its contents; except as expressly admitted and stated herein, Domtar denies the remaining allegations in Paragraph 41.

42. Denies the allegations in Paragraph 42, including any inference that the regulatory actions described above were taken as a result of allegedly noxious odor emissions from the Facility.

43. Domtar admits that the quoted statement appears on a webpage on its website; Domtar further answers that Paragraph 43 contains an incomplete and potentially inaccurate description and characterization of the webpage and refers to the webpage for its full language and terms, and denies any characterization of the webpage inconsistent with its contents; except as expressly admitted and stated herein, Domtar denies the remaining allegations in Paragraph 43.

44. Domtar lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 44, and therefore denies the same.

45. Domtar admits that Troy Wilson was quoted in the article cited by Plaintiffs in the footnote to Paragraph 45; Domtar further answers that Paragraph 45 contains an incomplete and inaccurate quote and characterization of the article and denies any characterization of the article inconsistent with its contents; except as expressly admitted and stated herein, Domtar denies the remaining allegations in Paragraph 45.

46. Denies the allegations in Paragraph 46.

47. Paragraph 47 states a legal conclusion to which no response is required. To the extent a response is required; Domtar denies the allegations in Paragraph 47 as stated.

48. Paragraph 48 states a legal conclusion to which no response is required. To the extent a response is required; Domtar denies the allegations in Paragraph 48 as stated.

49. Paragraph 49 states a legal conclusion to which no response is required. To the extent a response is required; Domtar denies the allegations in Paragraph 49 as stated and denies that any members of the public, whether in or out of the putative Class Area, have been harmed by noxious odors emitted from the Facility.

50. Paragraph 50 states a legal conclusion to which no response is required. To the extent a response is required; Domtar denies the allegations in Paragraph 50 as stated and denies that members of the public, whether in or out of the putative Class, have suffered damages or injury due to noxious odors emitted from the Facility.

51. Denies the allegations in Paragraph 51.

## CLASS ACTION ALLEGATIONS

52. Admitted in part and denied in part; Domtar admits that Plaintiffs purport to seek certification of a class, denies the remaining allegations as stated in Paragraph 52, and denies that

certification of the class proposed by Plaintiffs or any other class or subclass would be appropriate or justified as a matter of law or fact.

53.     Admitted in part and denied in part; admits that Plaintiffs have filed a putative class action against Domtar and seek to certify the class described in Paragraph 53; denies that certification of the class proposed by Plaintiffs or any other class or subclass would be appropriate or justified as a matter of law or fact; and denies any remaining allegations in Paragraph 53.

54.     Paragraph 54 states a legal conclusion to which no response is required. To the extent a response is required, Domtar denies the allegations as stated in Paragraph 54 and denies that certification of the class proposed by Plaintiffs or any other class or subclass would be appropriate or justified as a matter of law or fact.

55.     Paragraph 55 states a legal conclusion to which no response is required. To the extent a response is required, Domtar denies the allegations as stated in Paragraph 55 and denies that certification of the class proposed by Plaintiffs or any other class or subclass would be appropriate or justified as a matter of law or fact.

## A.     Numerosity

56.     Domtar lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 56, and therefore denies the same.

57.     Denies the allegations in Paragraph 57 and denies that certification of the class proposed by Plaintiffs or any other class or subclass would be appropriate or justified as a matter of law or fact.

## B.     Commonality

58.     Paragraph 58 states a legal conclusion to which no response is required. To the extent a response is required, Domtar denies the allegations as stated in Paragraph 58 and denies

that certification of the class proposed by Plaintiffs or any other class or subclass would be appropriate or justified as a matter of law or fact.

59. Paragraph 59 states a legal conclusion to which no response is required. To the extent a response is required, Domtar denies the allegations as stated in Paragraph 59 and denies that certification of the class proposed by Plaintiffs or any other class or subclass would be appropriate or justified as a matter of law or fact.

### C. Typicality

60. Denies the allegations of Paragraph 60.

61. Denies the allegations of Paragraph 61.

62. Denies the allegations of Paragraph 62.

### D. Adequacy of Representation

63. Paragraph 63 states a legal conclusion to which no response is required. To the extent a response is required, Domtar denies the allegations as stated in Paragraph 63 and denies that certification of the class proposed by Plaintiffs or any other class or subclass would be appropriate or justified as a matter of law or fact.

64. Denies the allegations of Paragraph 64.

65. Paragraph 65 states a legal conclusion to which no response is required. To the extent a response is required, Domtar denies the allegations as stated in Paragraph 65 and denies that certification of the class proposed by Plaintiffs or any other class or subclass would be appropriate or justified as a matter of law or fact.

66. Paragraph 66 states a legal conclusion to which no response is required. To the extent a response is required, Domtar states that it lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in Paragraph 66, and therefore denies the

same and denies that certification of the class proposed by Plaintiffs or any other class or subclass would be appropriate or justified as a matter of law or fact.

**E.      Class Treatment is the Superior Method of Adjudication**

67.      Paragraph 67 states a legal conclusion to which no response is required. To the extent a response is required, Domtar denies the allegations as stated in Paragraph 67 and denies that certification of the class proposed by Plaintiffs or any other class or subclass would be appropriate or justified as a matter of law or fact.

68.      Paragraph 68 states a legal conclusion to which no response is required. To the extent a response is required, Domtar denies the allegations as stated in Paragraph 68 and denies that certification of the class proposed by Plaintiffs or any other class or subclass would be appropriate or justified as a matter of law or fact.

69.      Domtar lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in Paragraph 69, and therefore denies the same.

<u>**COUNT I - NUISANCE**</u>

70.      Domtar restates and incorporates its answers to Paragraphs 1-69.

71.      Paragraph 71 states a legal conclusion to which no response is required. To the extent a response is required, Domtar states that it lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in Paragraph 71, and therefore denies the same.

72.      Denies the allegations in Paragraph 72.

73.      Denies the allegations in Paragraph 73.

74.      Denies the allegations in Paragraph 74.

75.      Denies the allegations in Paragraph 75.

76. Denies the allegations in Paragraph 76.

77. Denies the allegations in Paragraph 77.

78. Denies the allegations in Paragraph 78.

79. Denies the allegations in Paragraph 79.

80. Denies the allegations in Paragraph 80.

81. Denies the allegations in Paragraph 81.

## COUNT II - NEGLIGENCE

82. Domtar restates and incorporates its answers to Paragraphs 1-81.

83. Paragraph 83 states a legal conclusion to which no response is required. To the extent a response is required, Domtar states that it lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in Paragraph 83, and therefore denies the same.

84. Denies the allegations in Paragraph 84.

85. Denies the allegations in Paragraph 85.

86. Denies the allegations in Paragraph 86.

87. Denies the allegations in Paragraph 87.

88. Denies the allegations in Paragraph 88.

89. Denies the allegations in Paragraph 89.

## PRAYER FOR RELIEF

Admitted in part and denied in part; admits that Plaintiffs bring this case as a putative class action and seeks the relief described in the prayer for relief; denies that certification of the class proposed by Plaintiffs or any other class or subclass would be appropriate or justified as a matter

of law or fact; denies that Domtar owes Plaintiffs any of the relief requested in the prayer for relief; and denies any remaining allegations.

## DEFENSES

1. Plaintiffs' Complaint fails to state any claim upon which relief can be granted.

2. Plaintiffs' claims and the claims of some or all of the putative class members are barred in whole or in part by applicable statutes of limitations or statutes of repose.

3. Plaintiffs' claims and the claims of some or all of the putative class members are barred, in whole or in part, by the doctrine of laches.

4. Plaintiffs' claims and the claims of some or all of the putative class members are barred, in whole or in part, by their own comparative and contributory negligence.

5. Plaintiffs' claims and the claims of some or all of the putative class members are barred to the extent any damages they suffered were caused, in whole or in part, by the negligence or other legal fault of parties other than Domtar.

6. Plaintiffs' claims and the claims of putative class members are barred to the extent they have failed to mitigate their damages.

7. The claims of putative class members are barred by the doctrine of res judicata to the extent those claims have already been adjudicated.

8. The claims of putative class members are barred to the extent they have been waived.

9. Plaintiffs' claims and the claims of putative class members should be dismissed on the grounds of public policy because the alleged damages are too speculative, remote and wholly out of proportion to the negligence or nuisance alleged.

10. Plaintiffs' claims and the claims of some or all of the putative class members are barred, in whole or in part, by the doctrine of justification.

11. Plaintiffs' claims and the claims of some or all of the putative class members are barred, in whole or in part, by their actual or apparent consent.

12. Plaintiffs' claims and the claims of some or all of the putative class members are barred, in whole or in part, by reason of Domtar's compliance with the applicable statutes, laws and regulations, industry standards, and/or the lawful direction of public officials.

13. Plaintiffs' claims and the claims of some or all of the putative class members are barred, in whole or in part, by the doctrine of assumption of risk.

14. Plaintiffs' claims and the claims of some or all of the putative class members are barred, in whole or in part, by the doctrine of coming to the nuisance.

Dated this 18th day of May, 2026.

*/s/ Lauren M. Loew*
Lauren M. Loew, BPR No. 042854
501 Commerce Street, Suite 1650
Nashville, TN 37203
P: 629-312-9200
F: 629-312-9201
E: lloew@foley.com

Michael D. Leffel*
150 Gilman Street, Suite 5000
Madison, WI 53703
P: 608-258-4216
F: 608-258-4258
E: mleffel@foley.com

Anne-Louise T. Mittal*
777 East Wisconsin Avenue
Milwaukee, WI 53202
P: 414-319-7215
F: 414-297-4900
E: amittal@foley.com

*pro hac vice forthcoming*

**HUNTER, SMITH & DAVIS, LLP**

Jimmie C. Miller, BPR No. 009756
P.O. Box 3740
1212 North Eastman Road
Kingsport, TN 37664
P: 423-378-8852
F: 423-378-8801
E: jmiller@hsdlaw.com

*Attorneys for Defendant Domtar Paper
Company, LLC d/b/a Kingsport Mill*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was filed electronically this 18th day of May, 2026.  Notice of this filing will be sent to all parties registered to receive such notice by operation of the Court's electronic filing system.

Thomas R. Greer
**GREER INJURY LAWYERS, PLLC**
6256 Poplar Avenue
Memphis, TN 38119

Steven D. Liddle
Laura L. Sheets
D. Reed Solt
**LIDDLE SHEETS P.C.**
975 E. Jefferson Ave.
Detroit, MI 48207

*Attorneys for Plaintiffs*

*/s/ Lauren M. Loew*
Lauren M. Loew
