# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT GREENEVILLE

SCOTT ENOCHS and TAMMY WILLIAMS, on behalf of themselves and all others similarly situated, )
)
)
)
Plaintiffs, )     Case No. 2:26-cv-0047-DCLC-CRW
)
vs. )
)
DOMTAR PAPER COMPANY, LLC )
d/b/a KINGSPORT MILL )
)
Defendant. )

## RULE 26(F) REPORT

### (1) Synopsis of the Case

*Plaintiffs' Position:* Scott Enochs and Tammy Williams ("Plaintiffs") bring claims for nuisance and negligence on behalf of themselves and a proposed class of residents within 2 miles of Defendant Domtar Paper Company LLC d/b/a Kingsport Mill's ("Defendant," with Plaintiffs, the "Parties") Facility based on allegations that noxious odors from the Facility have been dispersed throughout and negatively impacted all residents in this area. Specifically, Plaintiffs allege that Defendant's containerboard mill and associated wastewater treatment operations have and continue to emit noxious odors that spread throughout the proposed class area thereby interfering with Plaintiffs' and the Class's use and enjoyment of their properties and diminish property values. Defendant has been the subject of repeated regulatory actions related to excessive odorous emissions from the Facility, which have also given rise to numerous odor complaints from neighboring residents.

Plaintiffs all fit within this class definition and putative class members are readily ascertainable based on publicly available property records. Additionally, Plaintiffs' claims are

1

identical to those of the putative Class and common questions of liability are numerous and predominate over any individualized issues, including damages. As Tennessee utilizes an objective nuisance standard, Defendant's liability in this case can, and should, be adjudicated on a class-wide basis. Based on these factors, class certification is by far the superior method of adjudicating Plaintiffs' and the Class's claims.

*Defendant's Position:* Defendant denies that Plaintiffs (or any putative class) have suffered a legally cognizable nuisance or injury caused by operations at Domtar's facility. The Kingsport Mill is a longstanding industrial facility operating in a mixed industrial and residential area under applicable permits and regulatory oversight. Plaintiffs' allegations rely on generalized complaints of intermittent odors allegedly occurring across a broad two-mile radius, but they do not establish that any particular odor event was caused by Defendant, that any odor was unreasonable under Tennessee law, or that Plaintiffs or any putative class member sustained compensable damages.

Plaintiffs cannot establish that their proposed class should be certified. Odor perception, frequency, duration, intensity, source attribution, alleged interference with property use, property-specific conditions, and claimed diminution in value all vary substantially among residents and properties and dates. The presence or absence of complaints, the location of each property, weather, topography, alternative odor sources, individual use of property, and the extent of any alleged impact caused by Defendant (as opposed, for example, to issues emanating from other sources) will require individualized proof. Plaintiffs cannot offer proof to establish class-wide nuisance, negligence, causation, damages, or class-wide liability.

Defendant further denies that Plaintiffs' can establish adequacy, typicality, or commonality. Notably, regardless of any objective nuisance standard, individualized issues will predominate

because, among other reasons, Plaintiffs will have the burden to prove causation, substantial and unreasonable interference, and damages as to each putative class member.

For all of these reasons, Defendant contends that class certification is inappropriate and that Plaintiffs' claims will fail on the merits.

**(2) Length and Timing of Trial**

As set forth below, the Parties proposed a bifurcated case plan in which class certification and merits will be decided separately. Accordingly, prior to a ruling on class certification, the Parties are unable to provide a good faith estimate for a trial date or length of trial at this time. The Parties propose to provide a supplemental proposal after a decision on class certification at which time they believe they can provide a proposed trial date and good faith estimate for trial length.

**(3) Proposed Schedule**

The Parties have met and conferred about the scheduling order, discovery matters, and bifurcation of discovery in the proposed class action lawsuit. The Parties agree, subject to Court approval, to bifurcate discovery on class certification and merits issues for purposes of efficiency and to make this case significantly more manageable. The Parties propose that the first phase of discovery be limited to issues relevant to whether this case should be certified as a class action under Fed.R.Civ.P. 23, and that the second phase be limited to issues relevant to the merits of Plaintiff's alleged causes of action and damages. Accordingly, the Parties propose the following class certification discovery and briefing dates:

| Event | Deadline |
|---|---|
| Class Certification Discovery Begins | June 22, 2026 |
| Deadline for Rule 26(a) Initial Disclosures | July 6, 2026 |

3

| | |
|---|---|
| Deadline for completing all fact discovery on class certification issues. | April 23, 2027 |
| Deadline for the Parties to attend private mediation | December 15, 2026 |
| Plaintiffs' deadline for providing all required class certification expert disclosures and producing expert report(s). | July 2, 2027 |
| Defendant's deadline for providing all required class certification expert disclosures and producing expert report(s). | August 6, 2027 |
| Plaintiffs' deadline to move for class certification. | September 24, 2027 |
| Defendant's deadline to file opposition to motion for class certification. | October 29, 2027 |
| Plaintiffs' deadline to file reply to Defendant's opposition to class certification | November 12, 2027 |
| Post-Class Certification Discovery Conference, to be scheduled by the Court upon a ruling on class certification. | TBD |
| Within 14 days of the Court's Order on class certification, the Parties will meet and confer regarding a schedule moving forward, including addressing any potential Rule 23(f) appeal. | TBD |

## (4) Magistrate Judge Consent

The Parties have submitted Document No. 30, in which they indicated that they do not consent to magistrate judge jurisdiction in this case.

The Court, based on the consent of the Parties, hereby enters the foregoing Scheduling Order.

4

SO ORDERED, this _____ day of _____, 2026

/s/_____
United States District Judge